# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

MARTY SMITH,

    Plaintiff,

vs.                              Case No. 4:17cv240-MW/CAS

WELLS FARGO BANK, N.A.,
DOES 1-10,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Marty Smith, proceeding pro se, filed a complaint against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). ECF No. 1. Wells Fargo filed a motion to dismiss the complaint, ECF No. 10, and after being advised to file his opposition to the motion, ECF No. 11, Mr. Smith did so on September 8, 2017. ECF No. 12. The motion is ready for a ruling.

**The Complaint, ECF No. 1**

Mr. Smith brought this case pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332. ECF No. 1 at 1. Mr. Smith alleges that the parties are citizens of different states (he resides in Florida and Wells

Fargo's principle address is in California), and the amount in controversy exceeds $75,000. *Id.* at 1-2. Mr. Smith is the "borrower" and Wells Fargo is the "servicer" of a mortgage. It is alleged that the parties agreed to a modification, but Mr. Smith contends that Wells Fargo falsely claimed that the "modification documents were not properly executed." *Id.* at 3. Thereafter, Mr. Smith decided to "have a short sale" and began "short sale negotiations with David Matheson," who is apparently employed in Wells Fargo's "short sale department," in late July 2016. *Id.* at 4. Prior to completion of that process, Well Fargo "prematurely brought forth a foreclosure action against the Subject Property." *Id.*

Mr. Smith's complaint asserts claims for: fraud (count I); violation of FLA. STAT. § 501.204 (count II); misrepresentation (count III); and breach of contract (count IV). *Id.* at 5-14. As relief, Mr. Smith seeks a declaratory judgment, monetary damages, and an injunction which enjoins Wells Fargo's "agents and employees, affiliated and subsidiaries from engaging in any eviction or foreclosure activity with respect to the Subject Property." *Id.* at 14.

**Motion to Dismiss, ECF No. 10**

The property at issue between the parties is located in Tallahassee. ECF No. 10 at 1. Wells Fargo states that a foreclosure action "recently concluded in the Second Judicial Circuit in and for Leon County, Florida." *Id.* Wells Fargo argues that the complaint fails to state a claim but, moreover, the claims brought by Mr. Smith are "barred under Florida's litigation privilege." *Id.* at 1-2. Furthermore, Wells Fargo urges the Court to abstain under the *Colorado River*[1] abstention doctrine. *Id.* at 6.

**The Response, ECF No. 12**

In response, Mr. Smith re-asserts the allegations made in the complaint and contends that his complaint alleges "sufficient plausible facts to establish [Wells Fargo's] liability." *Id.* at 5. He also contends that "[t]he current action is not about foreclosure procedure but rather about Wells Fargo's civil violations separate and apart from their foreclosure procedure." *Id.* at 6. On balance, Mr. Smith argues that the *Colorado River* factors weigh against abstention. *Id.* at 6-7.

---

[1] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Case No. 4:17cv240-MW/CAS

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). The pleading standard is not heightened, but flexible, in line

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

Page 5 of 15

with Rule 8's command to simply give fair notice to the Defendant of the Plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

**Analysis**

Wells Fargo argues that the complaint "is an impermissible 'shotgun pleading' and contains "irrelevant facts and erroneous legal conclusions." ECF No. 10 at 5-6. It is also argued that the complaint should be dismissed because it does not comply with Rules 8 and 10. Id. at 6. That argument should be rejected. The complaint does not make conclusions,

but asserts facts. Mr. Smith provides those facts in numbered paragraphs as required by Rule 10(b). The complaint provides sufficient notice to Wells Fargo of the claims and the grounds asserted in support of those claims.

The motion to dismiss also points out that "Wells Fargo initiated a foreclosure action against [Mr. Smith] on or about September 30, 2016, in the Circuit Court for Leon County Florida, Case No. 2016 CA 002221 (the 'Foreclosure Action')." ECF No. 10 at 2. A Final Judgment of Foreclosure was entered on July 20, 2017. *Id.*; *see also* ECF No. 10-1 at 5-8.[3] A foreclosure sale is currently scheduled for November 3, 2017. ECF No. 10 at 2; *see also* ECF No. 10-1 at 9-10.

---

[3] Defendant Wells Fargo requested the Court take judicial notice of public filings in the underlying state foreclosure action. ECF No. 10 at 2,n.1. Analysis of a motion to dismiss is generally limited to the face of the complaint and any attachments. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368-69 (11th Cir. 1997), *citing* 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969) (Wright & Miller). "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." Brooks, 116 F.3d at 1369 (quotation omitted). It is permissible to "consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of America Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) (citing Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005), and Maxcess, Inc. v. Lucent Tech., Inc., 433 F.3d 1337, 1340 (11th Cir. 2005)). Here, both requirements are met; judicial notice is taken of Defendant's exhibits. ECF No. 10-1.

Mr. Smith "concedes that the state court assumed jurisdiction prior to" his filing of this case in federal court. ECF No. 12 at 6. He also acknowledges that "the state court action has progressed further than the federal action." *Id.* Nevertheless, he contends this action and the state foreclosure action are different because his claims are based on "tortious conduct committed by Wells Fargo" which is "separate and apart from their foreclosure procedure." *Id.* He contends this is not "piecemeal litigation" and that diversity jurisdiction is appropriate. *Id.* at 7. Finally, he contends that "the state court cannot adequately protect the rights of the parties." *Id.* He claims that by the time he "discovered the nature of his claims and the extent of [the alleged] misconduct, it was too late" for him to bring his claims in the foreclosure action. *Id.*

"*Colorado River* abstention applies only 'when federal and state proceedings involve substantially the same parties and substantially the same issues.'" Ambrosia Coal & Const. Co. v. Pages Morales, 368 F.3d 1320, 1330 (11th Cir. 2004) (quoted in Willson v. Bank of Am., N.A., 684 F. App'x 897, 900 (11th Cir. 2017)). "If this threshold condition is met, then eight factors are weighed to analyze the permissibility of abstention:

Page 8 of 15

>(1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, [ ] (6) the adequacy of the state court to protect the parties' rights.... [ (7) ] the vexatious or reactive nature of either the federal or the state litigation.... [and (8) ] whether the concurrent cases involve a federal statute that evinces a policy favoring abstention.

Ambrosia Coal, 368 F.3d at 1331 (quotation omitted) (quoted in Willson, 684 F. App'x at 900). "However, 'the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983) (quoted in Willson, 684 F. App'x at 900 (affirming abstention premised on only two factors).

The *Colorado River* abstention doctrine must be considered in this case because the parallel federal and state proceedings involve the same parties and "substantially the same issues.'" ECF No. 10-1 at 9. Although Mr. Smith contends the issues are different, he has requested an injunction

as relief in this case because he seeks to prevent the foreclosure and sale of his property. Mr. Smith's contention in both the state and federal cases appears to be that Wells Fargo is not entitled to foreclose on the properly as it has "improperly moved for foreclosure." *See* Willson, 684 F. App'x at 900 (affirming that the state and federal cases "involved substantially the same issues" because resolution requires determining "whether the Florida court's foreclosure judgment was correct."); *see also* Hendricks v. Mortg. Elec. Registration Sys., Inc., No. 8:12-CV-2801-T- 30TGW, 2013 WL 1279035, at *3 (M.D. Fla. Mar. 28, 2013) (concluding that the federal case and state foreclosure proceeding involved "substantially the same issues" because both cases related "to the validity of the mortgage on the Property."). Fraud and misrepresentation are valid defenses in a foreclosure action. Lake Region Hotel Co. v. Gollick, 110 Fla. 324, 149 So. 204 (1933) (cited in Norris v. Paps, 615 So. 2d 735, 737 (Fla. 2d DCA 1993). Because allegations of fraud are relevant to the issue of whether Mr. Smith's property may lawfully be foreclosed, the issues raised in both cases are substantially the same.

  Here, Wells Fargo points out that the first factor favors abstention because the "state court assumed jurisdiction over the subject property first

in the Foreclosure Action in 2016." ECF No. 10 at 8. Mr. Smith concedes that first factor. ECF No. 12 at 6.

The second factor considers the convenience of the federal forum. Mr. Smith argues "that there is no inconvenience of the forum because the state foreclosure action pertains to different issues." ECF No. 12 at 6. That argument misses the mark. This factor focuses "primarily on the physical proximity of the federal forum to the evidence and witnesses . . . ." Ambrosia Coal, 368 F.3d at 1332. This factor does not weigh in either party's favor as the federal court and state court sit within two blocks of each other. If one is convenient, so is the other.

The third factor considers the potential for piecemeal litigation. Wells Fargo argues that this factor "weighs heavily in favor of abstention," ECF No. 10 at 9, but that argument appears to be based on the concept that "[p]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and reaching different results." ECF No. 10 at 9 (citation omitted).[4] More is required, however, than pointing out that

---

[4] Wells Fargo cited to Carson v. Wells Fargo Bank, N.A., providing the correct case, but an incorrect citation. The correct citation is found at Carson v. Wells Fargo Bank, N.A., No. 8:10-CV-2362-T17-EAJ, 2011 WL 2470099, at *6 (M.D. Fla. June 20, 2011) (quoting American Inter. Underwriters, Inc. v. Continental Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988)).

Case No. 4:17cv240-MW/CAS

Page 11 of 15

efforts might be duplicated because there is a parallel state case. "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction,' . . . [and] [f]ederal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" Hendricks v. Mortg. Elec. Registration Sys., Inc., No. 8:12-CV-2801-T- 30TGW, 2013 WL 1279035, at *2 (M.D. Fla. Mar. 28, 2013) (quoting Ambrosia Coal, 368 F.3d at 1327). In other words, abstention under *Colorado River* is not required "in every federal case that has a parallel state case." 368 F.3d at 1333. Instead, abstention is not favored "unless the circumstances enveloping [the parallel] cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Id.* This case does not involve "claims against 1,000 parties," but it does involve several other state court defendants.[5] *See* ECF No. 10-1 at 9. Nevertheless, Wells Fargo has not demonstrated piecemeal litigation that is "abnormally excessive or deleterious."

---

[5] The "notice of sale" reveals the following defendants, in addition to Marty Smith: Etheldra A. Green-Smith, two unknown tenants, and Summerbrooke Property Owners Association, Inc. ECF No. 10-1 at 9.

Case No. 4:17cv240-MW/CAS

Page 12 of 15

The fourth factor, however, does weigh in favor of Wells Fargo, as Mr. Smith concedes. The state court obtained jurisdiction first and that "action has progressed further than [this] federal action." ECF No. 12 at 6. The state court case has proceeded to final judgment. That factor weighs heavily in favor of abstention.

The fifth factor likewise weighs in favor of Wells Fargo. This case is based entirely on state law and federal law is not implicated. Where the "core dispute is a mortgage foreclosure on residential real estate, a subject typically adjudged in the state court and governed by state law," courts find in favor of abstention. Preston v. Fishman, No. 8:10-cv-2300-T- 23TBM, 2011 WL 129843, at *2 (M.D. Fla. Oct. 26, 2010); Hendricks, 2013 WL 1279035, at *5.

State courts are more than adequate to protect the rights of the parties. Mr. Smith provides no reason to support his argument that the state court is inadequate to do so, other than his concession that by the time he "discovered the nature of his claims and the extent of Defendant's misconduct, it was too late for [him] to bring these claims in the foreclosure action." ECF No. 12 at 7. The timeliness of a party's asserted defense does not diminish the adequacy of a court to rule. "[T]he state forum

enjoys a surpassing advantage in experience in, and knowledge of, foreclosure and pertinent state property law principles." Preston, 2011 WL 129843, at *2.  The state courts of Florida are sufficient and adequate to protect the rights of parties in state foreclosure proceedings.

Finally, in considering whether the filing of this subsequent federal case is vexatious or of a reactive nature, the timing of this case reveals it is reactive.  This case was initiated on May 26, 2017.  ECF No. 1.  Judicial notice is taken of the state court docket which reveals Wells Fargo had filed its motion for summary judgment on February 7, 2017.  ECF No. 10-1 at 3.  Faced with the arguments raised by Wells Fargo, Mr. Smith chose to file this lawsuit claiming Wells Fargo has "perpetrated their fraud" and its employees have made misrepresentations.  ECF No. 1 at 6.  He alleged that he "has had to combat an illegitimate foreclosure action." Id. at 7, 10.  Moreover, he is using this lawsuit to seek "a permanent or final injunction enjoining Defendant's agents and employees . . . from engaging in any eviction or foreclosure activity with respect to the Subject Property." Id. at 14.  Thus, Mr. Smith is seeking to block actions begun in state court.

Consideration of the *Colorado River* abstention factors leads to the conclusion that abstention is appropriate.  Mr. Smith has an avenue in

which to contest the validity of the state foreclosure action. Wells Fargo points out that the case has been litigated for over a year now and final judgment has been entered. ECF No. 10 at 2. Mr. Smith's time to appeal the judgment has not yet passed and the foreclosure sale is scheduled for November 3, 2017. *Id.* The motion to dismiss, ECF No. 10, should be granted.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 10, be **GRANTED** pursuant to the *Colorado River* abstention doctrine, and this action be **STAYED** pending final resolution of the state foreclosure action. It is further **RECOMMENDED** that the Clerk of Court be directed to terminate any pending motions and administratively close the case.

**IN CHAMBERS** at Tallahassee, Florida, on October 11, 2017.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.