**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARTY SMITH,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:17cv240-MW/CAS**

**WELLS FARGO BANK, N.A.,
DOES 1-10,**

    **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff Marty Smith, proceeding pro se, filed a complaint against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). ECF No. 1. Wells Fargo filed a motion to dismiss the complaint, ECF No. 10, and after considering Mr. Smith's response, ECF No. 12, a Report and Recommendation was entered on October 11, 2017, recommending the motion be granted pursuant to the *Colorado River* abstention doctrine. ECF No. 13.

On October 17, 2017, Mr. Smith filed a motion for preliminary injunction with expedited consideration because a foreclosure sale (or

"trustee sale") was scheduled for November 3, 2017.  ECF No. 14 at 1-2.  Defendant was required to file a response to that motion and, in particular, address the issue of right to appeal the final judgment of foreclosure.  ECF No. 15.  That Order also required Mr. Smith to file a notice on or before October 24, 2017, which demonstrated that he properly served the motion and all attachments on opposing counsel.  *Id.*  Mr. Smith did not file the notice as required.  He submitted an untitled document on November 2, 2017, which is a copy of a notice of bankruptcy filing.  ECF No. 17.  No further action will be taken on that notice as it does not comply with Local Rule 5.1(F) or the prior Order, ECF No. 15.

   Defendant Wells Fargo has responded to Mr. Smith's motion, ECF No. 14, and clarifies that the final judgment of foreclosure was entered against Mr. Smith on July 20, 2017.  ECF No. 16 at 2; *see also* Exhibit A (ECF No. 16-1).  Mr. Smith had thirty days in which to file a notice of appeal.  *Id.* at 3.  He did not do so.  *Id.*  Because Mr. Smith did not take any steps to challenge that judgment, Wells Fargo argues that it "would be unjust to" counteract, or overturn, the order of the state court in the underlying foreclosure action.  *Id.*

Case No. 4:17cv240-MW/CAS

Wells Fargo argues that Mr. Smith cannot meet his burden in moving for an injunction. ECF No. 16 at 4. It is correctly argued that Mr. Smith cannot "show that he will prevail on the merits." *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
> (4) granting the injunction would not be adverse to the public interest.

<u>Keeton v. Anderson–Wiley</u>, 664 F.3d 865, 868 (11th Cir. 2011); <u>Carillon Importers, Ltd.</u>, 112 F.3d at 1126; <u>United States v. Jefferson Cnty.</u>, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant 'clearly carries the burden of persuasion' of all four prerequisites,

which is always upon the Plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Because Mr. Smith's complaint has been found insufficient and a recommendation, ECF No. 13, is pending to grant Wells Fargo's motion to dismiss, ECF No. 10, Mr. Smith has not demonstrated a substantial likelihood of success on the merits.  Because of that fact, Mr. Smith also cannot meet all four prerequisites necessary for injunctive relief.  Therefore, the instant motion should be denied.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, ECF No. 14, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 7, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.