**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARTY SMITH,**

    **Plaintiff,**

**vs.**                                   **Case No. 4:17cv240-MW/CAS**

**WELLS FARGO BANK, N.A.,
DOES 1-10,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff Marty Smith, proceeding pro se, filed a complaint against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). ECF No. 1. Wells Fargo filed a motion to dismiss the complaint, ECF No. 10, which was granted pursuant to the *Colorado River* abstention doctrine. ECF Nos. 13, 20. The actual effect of granting the motion to dismiss under that doctrine, however, was to stay this action pending final resolution of the underlying state foreclosure action. *Id.*

To monitor the underlying foreclosure action, the parties were required to file status reports. ECF No. 26. On February 8, 2019,

Defendant Wells Fargo filed a status report, ECF No. 27, but Plaintiff did not respond. An Order was entered reminding Plaintiff that both parties were required to file status reports. ECF No. 28.

On May 15, 2019, a second status report was filed by Wells Fargo. ECF No. 29. Again, Plaintiff did not respond. Another Order was entered on May 22, 2019, ECF No. 30, and for the second time, Plaintiff was advised that it is not sufficient for only the Defendant to file a status report. *Id.* That Order once again advised Plaintiff that it was his "responsibility to prosecute his own case and by filing the status report as required, Plaintiff demonstrates his ongoing desire to continue this litigation." *Id.*

The May 2019 Order noted that Plaintiff had filed nothing in this case since November 7, 2017, when Plaintiff filed a notice, ECF No. 19, demonstrating that he was proceeding with the bankruptcy case. ECF No. 30. The Order required Plaintiff to file a response by June 5, 2019, explaining why he had failed to respond to the prior Orders and demonstrating a good faith intention to continue this litigation. *Id.*

When Plaintiff failed to respond to that Order, an Order to Show Cause was entered on June 10, 2019, giving Plaintiff one final opportunity to demonstrate that there remains a case or controversy between the

parties such that this case should continue. ECF No. 31. No later than **June 26, 2019**, Plaintiff was required to "show cause why this case should not be dismissed for failure to prosecute and comply with Court orders." *Id.* Again, no response has been received from Plaintiff.

Four orders have been entered and ignored by Plaintiff. There is no indication on the docket that Plaintiff has not received the court orders. The orders were sent to the same address listed by Wells Fargo in its certificate of service. *See* ECF No. 29 at 3. Plaintiff was warned that if he did not respond to the Order to Show Cause, this case would be dismissed. It is now appropriate to do so as Plaintiff has abandoned this litigation and there is no longer a controversy to be decided in this case.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with court orders and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:17cv240-MW/CAS

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.